IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DAVEAR Z. WHITTLE, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civ. Act. No. 18-1131-LPS |
| | : | |
| ROBERT MAY, Warden, and | : | |
| ATTORNEY GENERAL OF THE | : | |
| STATE OF DELAWARE, | : | |
| | : | |
| Respondents. | : | |

## MEMORANDUM OPINION

Davear Z. Whittle. *Pro Se* Petitioner.

Sean P. Lugg, Deputy Attorney General of the Delaware Department of Justice, Wilmington, Delaware. Attorney for Respondents.

August 19, 2021
Wilmington, Delaware

STARK, U.S. District Judge:

## I. INTRODUCTION

Pending before the Court is an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Petition") filed by Petitioner Davear Z. Whittle ("Petitioner"). (D.I. 1) The State has filed an Answer in Opposition. (D.I. 14) For the reasons discussed, the Court will dismiss the Petition as time-barred under the limitations period prescribed in 28 U.S.C. § 2244.

## II. BACKGROUND

In July 2012, a Delaware Superior Court jury found Petitioner guilty of second degree murder, first degree reckless endangering, two counts of possession of a firearm during the commission of a felony ("PFDCF"), and possession of a firearm by a prohibited person ("PFBPP"). (D.I. 14 at 1; *see also Whittle v. State*, 77 A.3d 239, 243 (Del. 2013)) The Superior Court sentenced Petitioner to fifty-four years of incarceration, suspended after forty-nine years for decreasing levels of supervision. (D.I. 14 at 1) Petitioner appealed and, in October 2013, the Delaware Supreme Court reversed and remanded the case after holding that the State engaged in prosecutorial misconduct during closing argument by improperly vouching for witnesses. *See Whittle*, 77 A.3d at 249.

On November 7, 2014, Petitioner pled guilty to manslaughter (as the lesser-included offense of second degree murder) and one count of PFDCF. *See State v. Whittle*, 2015 WL 4399889, at *1 (Del. Super. Ct. July 8, 2015). On January 9, 2015, the Superior Court sentenced Petitioner, effective September 8, 2011, to thirty years of incarceration at Level V, suspended after twenty-five years for decreasing levels of supervision. Petitioner did not appeal his convictions or sentences.

On May 29, 2015, Petitioner filed a motion for postconviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). (D.I. 14 at 2) The Superior Court denied the Rule 61 motion on July 8, 2015. *See Whittle*, 2015 WL 4399889, at *3. Petitioner appealed, and the Delaware Supreme Court affirmed the judgment on April 28, 2016. *See Whittle v. State*, 138 A.3d 1149 (Table), 2016 WL 2585904, at *4 (Del. Apr. 28, 2016).

On April 13, 2017, Petitioner filed a second Rule 61 motion, along with a motion for recusal and a motion for an evidentiary hearing. (D.I. 14 at 2) The Superior Court granted the motion for recusal and Petitioner's case was reassigned to another judge. (*Id.*) On July 6, 2017, the Superior Court summarily dismissed Petitioner's second Rule 61 motion and denied his motion for an evidentiary hearing. *See State v. Whittle*, 2017 WL 2894789 (Del. Super. Ct. July 6, 2017). The Delaware Supreme Court affirmed that judgment on November 7, 2017. *See Whittle v. State*, 2017 WL 5171316 (Del. Nov. 7, 2017).

Petitioner filed the instant § 2254 Petition in August 2018, asserting two grounds for relief: (1) defense counsel provided ineffective assistance; and (2) his due process rights were violated because the Superior Court judge who presided over his "re-prosecution" had a conflict of interest "and was subjected to recusal before sentencing [Petitioner]." (D.I. 1 at 8)

### III. ONE YEAR STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United

2

> States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). AEDPA's limitations period is subject to statutory and equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010) (equitable tolling); 28 U.S.C. § 2244(d)(2) (statutory tolling).

Petitioner's § 2254 Petition, filed in 2018, is subject to the one-year limitations period contained in § 2244(d)(1). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). Petitioner does not allege, and the Court cannot discern, any facts triggering the application of § 2244(d)(1)(B), (C), or (D). Given these circumstances, the one-year period of limitations began to run when Petitioner's conviction became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner does not appeal a state court judgment, his judgment of conviction becomes final upon expiration of the time allowed for seeking direct review in the state appellate court. *See Gonzalez v. Thaler*, 565 U.S. 134, 155 (2012) ("[W]ith respect to a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' under § 2244(d)(1)(A) when the time for seeking such review expires."). The Superior Court sentenced Petitioner on January 9, 2015, and he did not file a direct appeal. Consequently, Petitioner's

3

judgment of conviction became final on February 9, 2015.[1] *See* Del. Supr. Ct. R. 6(a)(ii) (establishing thirty day period for timely filing of notice of appeal). Applying the one-year limitations period to that date, Petitioner had until February 9, 2016 to timely file his Petition. *See Wilson v. Beard*, 426 F.3d 653 (3d Cir. 2005) (holding that Federal Rule of Civil Procedure 6(a) and (e) applies to federal habeas petitions); *Phlipot v. Johnson*, 2015 WL 1906127, at *3 n. 3 (D. Del. Apr. 27, 2015) (AEDPA's one-year limitations period is calculated according to anniversary method, *i.e.*, limitations period expires on anniversary of triggering event).

Petitioner filed the instant Petition on August 1, 2018,[2] approximately two and one-half years after the expiration of the limitations period. Thus, his Petition is untimely, unless the limitations period can be statutorily or equitably tolled. *See Jones*, 195 F.3d at 158.

A. **Statutory Tolling**

Pursuant to § 2244(d)(2), a properly filed state post-conviction motion tolls AEDPA's limitations period during the time the action is pending in the state courts, including any post-conviction appeals, provided that the motion was filed and pending before the expiration of AEDPA's limitations period. *See Swartz v. Meyers*, 204 F.3d 417, 420-24 (3d Cir. 2000); *Price v. Taylor*, 2002 WL 31107363, at *2 (D. Del. Sept. 23, 2002). The limitations period, however, is not tolled during the ninety days a petitioner has to file a petition for a writ of certiorari in the United States Supreme Court regarding a judgment denying a state post-conviction motion. *See Stokes v. Dist. Attorney of Philadelphia*, 247 F.3d 539, 542 (3d Cir. 2001). In addition, a post-conviction motion that

---

[1] Since the time to appeal actually expired on Sunday, February 8, 2015, the deadline for filing a notice of appeal extended through the end of the day on Monday, February 9, 2015. *See* Del. Sup. Ct. 11(a).

[2] Since Petitioner did not date the Petition, the Court accepts the date of the electronic stamp on the Petition – August 1, 2018 – as the filing date.

is untimely under state law is not properly filed for § 2244(d)(2) purposes and, therefore, has no statutory tolling effect. *See Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005).

Here, 109 days of AEDPA's limitations period lapsed before Petitioner filed his first Rule 61 motion on May 29, 2015. The Superior Court denied the motion, and the Delaware Supreme Court affirmed that decision on April 28, 2016. Consequently, Petitioner's Rule 61 motion tolled the limitations period from May 29, 2015 through April 28, 2016.

The limitations clock started to run again on April 29, 2016 and ran the remaining 256 days without interruption until the limitations period expired on January 9, 2017. Petitioner's second Rule 61 motion, filed on April 13, 2017, does not statutorily toll the limitations period because it was filed after the expiration of the limitations period. Thus, even with the applicable statutory tolling, the Petition is time-barred, unless equitable tolling is applicable.

### B. Equitable Tolling

AEDPA's limitations period may be tolled for equitable reasons in appropriate cases. *See Holland*, 560 U.S. at 645. A petitioner can qualify for equitable tolling by demonstrating "(1) that he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing;"[3] mere excusable neglect is insufficient. *Schlueter v. Varner*, 384 F.3d 69, 77 (3d Cir. 2004). Consistent with these principles, the Third Circuit has specifically limited the equitable tolling of AEDPA's limitations period to the following circumstances:

> (1) where the defendant (or the court) actively misled the plaintiff;
>
> (2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or

---

[3]*Holland*, 560 U.S. at 648.

5

> (3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

*Jones*, 195 F.3d at 159; *see also Thomas v. Snyder*, 2001 WL 1555239, at *3-4 (D. Del. Nov. 28, 2001).

Petitioner does not allege, and the Court does not discern, that any extraordinary circumstances prevented him from timely filing the instant Petition. To the extent Petitioner's untimely filing of the Petition was due to his own ignorance of the law or the result of his miscalculation regarding the one-year filing period, such factors do not warrant equitably tolling the limitations period. *See Taylor v. Carroll*, 2004 WL 1151552, at *5-6 (D. Del. May 14, 2004).

Based on the foregoing, the Court concludes that that the doctrine of equitable tolling is not available to Petitioner on the facts he has presented. Accordingly, the Court will dismiss the instant Petition as time-barred.

## IV. CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2254 petition must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011); 28 U.S.C. § 2253(c)(2). A federal court denying a habeas petition on procedural grounds without reaching the underlying constitutional claims is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court has concluded that the instant Petition does not warrant relief because it is time-barred. Reasonable jurists would not find this conclusion to be debatable. Accordingly, the Court declines to issue a certificate of appealability.

## V. CONCLUSION

For the reasons discussed, Petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 is **DISMISSEDD**. An appropriate Order will be entered.